UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESITA BHAKTA, etc., | Case No. EDCV 14-2372-VAP (RNB) |
| Plaintiff, | |
| vs. | ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND |
| U.S. BANK NATIONAL ASSOCIATION, etc., | |
| Defendant. | |

The Court has a duty to dismiss a case at any time if it determines an action fails to state a claim, "notwithstanding any filing fee . . . that may have been paid." See 28 U.S.C. § 1915e(2); see also Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981) (district court has authority under Fed. R. Civ. P. 12(b)(6) to dismiss sua sponte for failure to state a claim). However, a pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

Here, the Court notes that plaintiff's Amended Complaint purports to be brought pursuant to 42 U.S.C. § 1983, and indeed it was plaintiff's invocation of § 1983 that precipitated the reference of this case to the Magistrate Judge pursuant to Central District General Order 05-07.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Thus, action under color of state law is "a jurisdictional requisite for a § 1983 action." See Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001).

Although unclear from the face of the Amended Complaint, the Court takes judicial notice from the pleadings filed in Case No. EDCV 14-2270-VAP (SPx)--the unlawful detainer action brought by defendant U.S. National Bank herein against plaintiff herein in San Bernardino County Superior Court, which plaintiff purported to remove to federal court and which ultimately was remanded back to state court for lack of subject matter jurisdiction--that plaintiff's dispute with U.S. National Bank arises out of a default by plaintiff on her note and deed of trust on certain real property and the subsequent non-judicial foreclosure conducted on behalf of U.S. National Bank. As best the Court can glean from plaintiff's mostly unintelligible allegations, she now is seeking to invalidate the note and deed of trust on various legal theories.

However, the Ninth Circuit has held that a non-judicial foreclosure under a power of sale conferred in a deed of trust is not state action for purposes of giving rise to a federal civil rights claim. See Apao v. Bank of New York, 324 F.3d 1091, 1092 (9th Cir. 2003); Charmicor v. Deaner, 572 F.2d 694, 696 (9th Cir. 1978); see also, e.g., Northrip v. Federal Nat. Mortg. Ass'n, 527 F.3d 23, 30-33 (6th Cir. 1975) (expressly rejecting the contention that the foreclosure on a mortgage by the Federal National Mortgage Association, by virtue of its status as a federally chartered corporation that was subject to federal rules and regulations, was the action of the federal government for purposes of giving rise to a civil rights claim); Barrera v. Security Bldg. & Inv. Corp., 519 F.2d 1166 (5th Cir. 1975).

//

Accordingly, without considering whether plaintiff has stated or may be able to state a claim against U.S. National Bank over which federal subject matter jurisdiction does or would lie, the Court finds that plaintiff's allegations are insufficient to state a claim on which relief may be granted against U.S. National Bank pursuant to 42 U.S.C. § 1983.

Plaintiff's Amended Complaint is therefore dismissed with leave to amend. See Bugoni v. Greer, 262 Fed. Appx. 778, 778 (9th Cir. 2007) (holding no abuse of discretion by district court in sua sponte dismissing § 1983 action against public defenders because public defenders are not state actors for purposes of a § 1983 claim) (now citable for its persuasive value per Ninth Circuit Rule 36-3).

If plaintiff still desires to pursue this action, she is ORDERED to file a Second Amended Complaint within thirty (30) days of the service date of this Order, remedying the pleading deficiency discussed above.  If plaintiff chooses to file a Second Amended Complaint, it should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original Complaint, her Amended Complaint, or any other pleading, attachment or document.

**Plaintiff is admonished that, if she fails to timely file a Second Amended Complaint, the Court will recommend that the action be dismissed without prejudice for failure to diligently prosecute.**

DATED:  March 5, 2015

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE